General Term—January 1855.

Before STORER, GHOLSON, and SPENCER.

WILLIAM F. SMITH & Co. *vs.* TRUMAN WOODRUFF et al.

A statement, that a party " knows nothing " of an allegation, " except what he learns from the counterclaim itself," is neither a general or specific denial, as required by Section 92 of the Code; and the allegation must be considered as not controverted, and must, for the purposes of the action, be taken as true, under Section 127.

*It seems*, that an exhibit cannot be properly annexed to, and made part of, a pleading under the Code, except in the cases provided in Section 122; but if one be so annexed, especially in cases in which it was usually done, under the former practice, the objection cannot be made for the first time on error, and, if made before judgment should be made, specifically, so that the irregularity might be corrected.

If the allegation in the pleading of one party be so indefinite and uncertain, that in the opinion of the other party the precise nature of the charge or defence does not so appear, as to predicate a judgment thereon, such party should move, under Section 118 of the Code, to have it made definite and certain. Such motion should be made before the trial of the action; and if not so made, the Court, or a Jury under its direction, may find any fact, which the pleading, however general, on any fair construction, will authorize.

Where a husband, in possession of a lot with an equitable title, makes a contract with a mechanic for a building on the lot, and a lien, under the statute, on the interest of the husband, is secured, such lien cannot be prejudiced in a remedy to enforce it, by the fact, that subsequently to its commencement, the legal title is, under the direction of the husband, conveyed to the wife.

This cause came up on error to the Special Term.

GHOLSON, J. delivered the opinion of the Court.

This action has been brought before the Court, on the petition in error of Truman Woodruff and Mary S. Woodruff, his wife. The errors complained of, are alleged to have been committed in rendering a judgment for the sale of a lot of land, on the counterclaim of the defendants, Jones & Douglass, who claimed under a mechanic's lien.

The first error relied on, is that the Court found, without other proof than the statements in the counterclaim, and the answer thereto, that Jones & Douglass were entitled to a lien on the lot. The objection on the trial, as appears from the Bill of Exceptions, was, that such a finding could not be made, without the introduction of testimony; but the Court held, that the statements in the counterclaim were sufficient, were not controverted by the answer, and must, therefore, according to Section 127 of the Code, be considered as admitted.

The counterclaim of Jones & Douglass distinctly alleges a contract to do carpenter's and joiner's work, and furnish materials upon the premises in question: that the amount due was $2074.12, or, if a certain payment be allowed, $1974.12. Judgment is demanded for the last named sum, and a sale of the premises for its satisfaction. The answer of Woodruff and wife contains a specific denial of the allegation, as to the amount claimed to be due by Jones & Douglass. The counterclaim of Jones & Douglass states, in general terms, that they had caused a lien to be taken, in pursuance of the statute in such cases, and refers for particulars to a copy of the account, contract, &c. annexed to the answer and counterclaim as an

exhibit. To the statement so made, Woodruff and wife say, " that they know nothing of the taking of the lien, by the said Jones & Douglass, except what they learn from said answer and counterclaim." This cannot be considered as either a general or specific denial of the allegation as to a lien in the counterclaim; and that allegation, therefore, not being controverted, but for the purposes of the action to be taken as true, if in itself sufficient, must be considered a proper predicate for the relief demanded.

It is claimed by the counsel for the plaintiffs in error, that the exhibit cannot be looked to, in aid of the allegation in the counterclaim, as to the taking a lien. We are not prepared to say, that it is proper to annex any document or paper, as an exhibit, to the pleadings under the Code, except in the cases provided in Section 122. Such a practice was usual in cases in equity, under the former system; but the distinction between actions at law and suits in equity, having been abolished, and the Code having provided for annexing copies or exhibits, only in certain classes of cases, it may well be contended, that it is not proper to do so in any others. But if it should be done, especially in a case, which under the former practice would have been one in equity, and, however subject to correction as an informality or irregularity, at any time before judgment, the objection cannot be made for the first time on error; and if made before judgment, should be made specifically.

Under this view, we feel bound to consider the allegation made by the defendants, Jones & Douglass, as it is found in what is properly the counterclaim taken in connection with the exhibit annexed. And so considered,

the allegation is clearly sufficient, being uncontroverted, to authorize the judgment enforcing the lien. We do not mean to be understood as saying, that, even the general allegation as to the taking a lien, found in the counterclaim, would not have been sufficient, independent of any connection with the exhibit. On the contrary, if an allegation in the pleading of one party be so indefinite and uncertain, that, in the opinion of the other party, the precise nature of the charge or defence does not so appear, as to predicate a judgment thereon, such party should move under Section 118 of the Code, to have it made definite and certain. And such motion should, properly, be made before the trial of the action.

It may well be questioned, whether, to authorize the rejection of testimony, there must not be, either no allegation, or such a degree of indefiniteness or uncertainty, as must be deemed equivalent to none. And so, a court may be well justified in making, or authorizing a jury to make, a finding of any fact, which the pleading, however general, upon any fair construction will authorize.

The other error, relied on in the argument, is on a point, which does not appear to have been brought to the attention of the Court at Special Term. It is claimed, that the judgment for sale should not have extended to the interest of the defendant, Mary S. Woodruff, or, at least, that the interest of her husband should have been directed to be first sold to satisfy the claim of the mechanics. But, under the circumstances of this case, we do not think such a course is demanded, by any just right or claim on the part of the wife, and there is reason to believe, that it would operate to the prejudice and delay of the defendants, Jones & Douglass.

W. F. Smith & Co. *vs*. T. Woodruff et al.

The defendant, Truman Woodruff, became the purchaser of a lot from Coggswell; on the purchase he paid a portion of the consideration, and was to give his notes and a mortgage for the balance, and receive a deed for the property; and he was let into the possession. With this equitable title and the possession of the premises, he made a contract for the erection of a house on the lot, with the defendants Jones & Douglass, about the 1st of May 1853; they immediately commenced the work, and to that time their lien, when taken under the statute, related. Subsequently, Woodruff directed the deed for the the lot to be made to his wife, and husband and wife united in the execution of the mortgage to Coggswell. The legal title thus obtained by the wife, cannot overreach, on any principle of equity or justice, the lien acquired by Jones & Douglass, on the title and interest held by the husband, at the time of the contract. The proper course to enforce the lien so acquired, would seem to be a sale of the whole premises; the satisfaction of the mortgage of Coggswell; the payment of the claim of Jones & Douglass; leaving the balance to be disposed of, as the respective rights of Woodruff and his wife may require. Such is evidently the intent, with which the judgment at the Special Term has been entered. We see no error in it, and accordingly direct that it be affirmed with costs.

WOODRUFF and HOPKINS for plaintiffs. MALLON for defendants.